### EUNICE E. CULVER *vs.* FREDERICK DWIGHT.

The admission, upon the trial of an action for breach of promise of marriage, of testimony for the plaintiff, that after the departure of the defendant on a certain journey " the plaintiff acted as if she felt very sad," is no ground for setting aside the verdict, though the evidence was objected to by the defendant when it was offered.

ACTION OF CONTRACT for a breach of promise of marriage. Trial in the court of common pleas before *Mellen*, C. J., who, after verdict for the plaintiff, signed a bill of exceptions, so much of which as concerned the only point relied upon in this court, was thus :

" The plaintiff called a witness by the name of Mitchell, and asked the witness how the plaintiff acted after the defendant left the plaintiff for the west. The defendant objected. The court overruled the objection, and the witness said the plaintiff acted as if she felt very sad."

*J. Wells & E. W. Bond,* for the defendant. The plaintiff's acts were not competent evidence of the alleged contract. Nor was her state of mind. If it were, it could not be proved by the judgment of the witness, founded upon conduct, language or appearances not detailed. The admission of the testimony is therefore ground of exception.

*W. G. Bates,* for the plaintiff. The plaintiff's case is to be proved by circumstances; and the conduct of the plaintiff during the intimacy of the parties is admissible, both in proof of the promise, and on the question of damages. *Peppinger* v. *Low,* 1 Halst. 384. *Wightman* v. *Coates,* 15 Mass. 1. 2 Stark. Ev. (4th Amer. ed.) 941.

DEWEY, J. The only point relied upon as a ground for a new trial is that of the admission of the testimony of Mitchell as to the acts of the plaintiff, or rather her appearance, after the defendant left her for a journey to the western states, and as to which the witness stated, "the plaintiff acted as if she felt very sad."

This evidence, if standing alone, and wholly unconnected with other accompanying circumstances, would seem objectionable, upon the ground of its having no tendency to establish the main fact in issue, the promise of marriage by the defendant. On the other hand, in immediate connection with other acts, it might have some bearing. The bill of exceptions does not show how this was, and we have not thought it necessary to inquire farther on this point, inasmuch as the evidence is not considered by the court to have been otherwise objectionable than as irrelevant and immaterial, and its admission not a sufficient ground to set aside the verdict. *Exceptions overruled.*